**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PAUL HESTER**,<br><br>Plaintiff,<br><br>v.<br><br>**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION**,<br><br>Defendant. | Civil Action No. 21-19073 (ZNQ)<br><br>**OPINION** |

**QURAISHI, District Judge**

  **THIS MATTER** comes before the Court upon an appeal filed by Plaintiff Paul Hester ("Plaintiff"), seeking judicial review of the final determination of the Commissioner of the Social Security Administration ("Defendant"), which denied Plaintiff's application for disability benefits. Plaintiff filed an Appeal Brief. (ECF No. 8.) Defendant responded. (ECF No. 9.) Plaintiff filed a Reply Brief. (ECF No. 10.) The Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g)[1], has carefully considered the parties' arguments, and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated herein, the Court will AFFIRM the decision of the Administrative Law Judge ("ALJ").

---

[1] Title 42 United States Code Section 405(g) provides that, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

I.  **PROCEDURAL HISTORY**

On October 20, 2019, Plaintiff filed an application for Social Security Disability benefits under Title II of the Social Security Act ("the Act"), alleging an onset date of disability beginning February 1, 2019. (Administrative Record ("R."), ECF No. 5 at 15.) The claim was first denied on February 27, 2020, and then again denied upon reconsideration on August 1, 2020. (*Id.*) On August 31, 2020, Plaintiff's written request for a hearing before an ALJ was received. (*Id.*) That hearing took place on May 4, 2021. (*Id.*) Plaintiff was represented by counsel at the hearing, at which the ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Edmond Calandra. (*Id.*)

On August 4, 2021, the ALJ issued a decision denying Plaintiff's claim for benefits. (R. at 15–27.) Plaintiff's request for Appeals Council review of that decision was received on August 25, 2021. (R. at 7.) The request was denied on September 29, 2021, rendering the ALJ's decision final. (R. at 1.) Plaintiff now seeks this Court's review pursuant to 42 U.S.C. § 405(g).

II.  **LEGAL STANDARD**

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." *Hess v. Commissioner of Soc. Sec.*, 931 F.3d 198, 208 n.10 (3d Cir. 2019); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "more than a mere scintilla," where "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)), and "may be less than a preponderance." *McCrea v. Commissioner of Soc. Sec.*, 370 F.2d 357, 360 (3d Cir. 2004).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i–v). The claimant bears the burden of proof at steps one through four, whereas the Commissioner bears the burden of proof at step five. *Hess*, 931 F.3d at 201. Specifically, the plaintiff bears the burden of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determines whether the claimant is performing "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. *Id.* Otherwise, the ALJ moves on to step two, where the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" *Id.* §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ then moves on to step three, where the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations." *Smith v. Commissioner of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). If the claimant's impairments do meet the requirements, then he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four, where the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work." *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot, the

ALJ moves on to step five. At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his RFC, age, education, and work experience." *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination usually involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. FACTUAL BACKGROUND

The Court recites only the facts that are necessary to its determination on appeal. Plaintiff, who was born on August 25, 1967, was 51 years old on the alleged onset date and 53 years old at the time of his administrative hearing on May 4, 2021. (*See* R. at 21.) Plaintiff met the insured status requirements of the Act through December 31, 2022, meaning that he must establish disability on or before that date to be entitled to benefits. (*See* R. at 18.)

#### A. Plaintiff's Educational and Work History

Plaintiff has at least a high school education and four or more years of college education. (R. at 21, 26.) He has a personal history of military deployment. (R. at 23.) He also has past relevant work as a manager of governmental programs, a staff administrative officer, and an elementary school teacher. (R. at 25.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2019, the alleged onset date, and is unable to perform any past relevant work. (R. at 18, 25.)

#### B. Plaintiff's Medical History

Plaintiff suffers from the following impairments, which the ALJ determined to be severe: post-traumatic stress disorder ("PTSD"); major depressive disorder; anxiety and obsessive-

compulsive disorders; ulcerative colitis; disorders of the back (discogenic and degenerative); dysfunction of major joints; rheumatoid arthritis; and obesity. (R. at 18.)

### C. The ALJ's Decision

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2019, the alleged onset date. (R. at 26.)

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: PTSD; major depressive disorder; anxiety and obsessive-compulsive disorders; ulcerative colitis; disorders of the back (discogenic and degenerative); dysfunction of major joints; rheumatoid arthritis; and obesity. (R. at 18.)

At step three, the ALJ found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix I (20 CFR 404.1520(d), 404.1525 and 404.1526)." (R. at 18.)

At step four, the ALJ found that Plaintiff had sufficient RFC

> to perform light work as defined in 20 CFR 404.1567(b), with exceptions. The claimant can lift and carry up to 20 pounds occasionally, and 10 pounds frequently. The claimant can stand and walk for 6 hours, and sit for 6 hours in an 8-hour workday. The claimant can occasionally climb ramps and stairs, kneel, stoop, and crouch; but cannot crawl, or climb ladders, ropes, or scaffolds. The claimant can occasionally push, pull or operate foot controls with the bilateral lower extremities. The claimant can frequently handle, finger, push or pull, or reach overhead with the bilateral upper extremities. The claimant cannot have concentrated exposure to temperature extremes of cold, wetness, humidity, fumes, odors, dusts, gases and poor ventilation. The claimant can understand and execute simple and routine tasks. The claimant can have occasional contact with coworkers and supervisors; and have occasional contact with the public but not with tasks that involve direct customer service. The claimant can make simple decisions and adapt to occasional changes in essential work tasks. The claimant would

>be off task 10% of workday and absent from work 1 day per month
>due to the impairments.

(R. at 20.)

At step five, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (R. at 26.) Specifically, the ALJ adopted the VE's testimony that Plaintiff could perform the following occupations: "Maid (DOT #323.687-014)," "Cafeteria Worker (DOT #311.677-010)," and "Electrical Assembler (DOT #729.687-010)." (R. at 26.) Therefore, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from February 1, 2019, through the date of this decision [on August 4, 2021]." (R. at 27.)

## IV. DISCUSSION

Plaintiff raises three arguments in support of remanding this case. First, he argues that the ALJ's finding that his condition was not of a level of severity that met the requirements of the Listings of Impairments ("Listings") is not supported by an adequate rationale or substantial evidence. (ECF No. 8, at 24–30.) Second, Plaintiff argues that the ALJ's decision as to his RFC is not supported by substantial evidence. (*Id.* at 31–35.) Third, he argues that the ALJ's decision that he could engage in alternate work at step five was not supported by substantial evidence. (*Id.* at 36–38.) The Court will address each argument in turn.

### A. Plaintiff's Claim Filed on November 1, 2017

Defendant discusses Plaintiff's claim that was filed on November 1, 2017 ("Prior Claim"), which included allegations of "essentially the same physical and mental conditions (primarily arthritis and depression)" as the claim in the case before us, which was filed on October 21, 2019 ("Instant Claim"). (ECF No. 9, at 4.) Defendant states that the Prior Claim was denied on January 30, 2019, and Plaintiff appealed the ALJ decision to federal court, "making essentially the same

listing, medical opinion, and RFC arguments" in his appeal. (*Id.* at 1.) On August 14, 2020, the federal court affirmed the ALJ's denial of the Prior Claim that held Plaintiff's ineligibility for disability benefits and capability to rejoin the workforce to perform a limited range of light, unskilled work. (*Id.* at 4.) Defendant argues that "little has changed" since the filing of the Prior Claim as Plaintiff has not had any surgeries performed or recommended and has not been psychiatrically hospitalized since then. (*Id.* at 1.) Defendant also notes that Plaintiff does not use an assistive device to walk, effectively treats his arthritis with pain relievers and an anti-inflammatory, goes for walks twice a day with his family, and drives regularly. (*Id.*)

Plaintiff argues that he did not appeal the Prior Claim to the Third Circuit but rather filed a new claim seeking benefits as to a different, later period as an alternative, and that litigation of the Prior Claim should not have legal significance on the Instant Claim. (ECF No. 10, at 4–5.)

Under 42 U.S.C. § 405(g), the Court is only authorized to review the final decision of the Commissioner that is under appeal. The Prior Claim is not before the Court and, as Defendant acknowledges, "[t]he period that preceded February 1, 2019, is thus not before this Court." (ECF No. 9 at 4.) Therefore, while the Court acknowledges the history provided by Defendant for background context, it does not consider it for the purposes of deciding the merits of his present appeal.

### B. Severity of Plaintiff's Impairments

Plaintiff argues that the ALJ's finding that his mental impairments did not meet the requirements of the Listings was erroneous because it was "contrary to any reasonable view of the evidence" and not supported by substantial evidence. (ECF No. 8, at 24–30.) Plaintiff also argues that the articulation of the findings is insufficient. (*Id.*) Defendant maintains that the ALJ's decision that Plaintiff's social interaction difficulties were "moderate" is supported by substantial

evidence and when the ALJ's decision is "read as a whole," it is clear that Plaintiff's mental impairments fall short of satisfying a Listing for *per se* disability. (ECF No. 9, at 11–12.)

Generally, an ALJ assesses how severely an applicant's impairments limit the following areas of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting or maintaining pace; and adapting or managing oneself. *See* 20 C.F.R. § 404, Subpart P, Appendix 1, Part A, § 12.00(A)(2)(b). The severity for each of those areas can be "no" limitation, "mild" limitation, "moderate" limitation, "marked" limitation, or "extreme" limitation. *Id.* To meet the Listings' requirements, a claimant's mental impairments "must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." *Id.*

Here, the ALJ concluded that Plaintiff's mental impairments only constituted "moderate" limitations, as opposed to "marked" or "extreme" limitations, in each of the areas of mental functioning. (R. at 19–20.) The ALJ found that "although claimant's mental impairments cause some limitations in understanding/remembering, the medical evidence of record generally shows no deficits in long-term memory, short-term memory, insight, or judgment." (*Id.*)

Plaintiff concedes that "it is probably factually accurate to say that [the] provisions [regarding Plaintiff's physical impairments] aren't met" despite the "lack of articulation" in the findings, (ECF No. 8, at 24.), but he challenges the ALJ's determination that Plaintiff's mental impairments were "moderate" regarding his interaction with others. Plaintiff claims that the ALJ's decision was inconsistent with the record because it ignored testimony, took statements out of context, and failed to consider contrary medical reports. (*Id.* at 27–29.)

Here, the ALJ found that "although the claimant's mental impairment causes some limitations in interacting with others, the medical evidence of record generally shows that the

claimant interacted adequately with all treating practitioners," providing an example of Plaintiff being described as "pleasant and cooperative" in an assessment. (R. at 20.)

Plaintiff provides the following evidence to demonstrate that the ALJ's determination was inconsistent with the record: (1) Plaintiff's testimony that he was banned from community meetings due to his confrontational behavior, his receipt of advice from his daughter's principal to not enter the school premises to pick up his daughter, and his multiple incidents of road rage that led to embarrassment and fear from his family; (2) the findings and assessment of Dr. Evers, Plaintiff's treating psychologist, which notes Plaintiff's adherence to rules and "little tolerance for those who did not abide by them" and his limitation in social interaction, where his thinking led to conflicts; and (3) the VA's finding that Plaintiff had a 70% service connected disability based on "unprovoked irritability with periods of violence [and] suspiciousness." (*Id.* at 27–29.)

Defendant argues that it would be inappropriate for the Court to determine the sufficiency of the evidence set forth by Plaintiff in his brief as evidence that "could support" an ALJ finding that his social interaction difficulties to be "marked" or "extreme." (ECF No. 9, at 10.) Defendant argues that even if it is possible that multiple findings are reasonable based on the record, the Court must only focus on whether substantial evidence supports the ALJ's findings. (*Id.*)

In his reply brief, Plaintiff argues that Defendant's application of the "substantial evidence" standard in reviewing an appeal for Social Security is incorrect. He argues that the burden of proof in a Social Security claim is preponderance of the evidence, and the question before the Court should be whether the ALJ's finding that Plaintiff failed to show his disability based on if "it was more likely true than not" that Plaintiff was disabled. (ECF No. 10, at 5.) Plaintiff argues that "it is not a test of whether or not there is 'more than a scintilla' of evidence that [Plaintiff] is not

9

disabled, but rather [whether or not] the finding that the preponderance of evidence does not support a finding supported by substantial evidence." (*Id.* at 5.)

The Court interprets Plaintiff's argument to mean that (1) the ALJ's determination that Plaintiff's failure to prove his burden must be supported by substantial evidence and (2) substantial evidence to support the ALJ decision can only be found if the Court first finds that the ALJ determined Plaintiff failed to show that he was disabled by a preponderance of evidence.

Unfortunately for Plaintiff, the standard of review that a district court must adhere to in reviewing Social Security appeals is clear. The Court reviews the Commissioner's final decision under a deferential standard and affirms such a decision if it is "supported by substantial evidence." 42 U.S.C. § 405(g). The Third Circuit has specifically cautioned that "[c]ourts are not permitted to re-weigh the evidence or impose their own factual determinations." *Chandler v. Commissioner of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Thus, if the Court finds that the ALJ's factual determinations are supported by substantial evidence, which has been defined as "more than a mere scintilla of evidence but may be less than a preponderance," *McCrea*, 370 F.3d at 360, then the ALJ's final decision will be affirmed. Thus, Defendant is correct to argue that it is inappropriate for the Court to determine the sufficiency of the evidence set forth by Plaintiff in his brief as evidence that "could support" his social interaction difficulties, and that the Court must only focus on whether substantial evidence supports the ALJ's findings.

Defendant also points to evidence in the record that the ALJ relied upon throughout her decision in support of her findings, and argues that Plaintiff fails to reference a relevant medical opinion that supports the claim that his social interaction difficulties were more severe. Defendant's supporting evidence include Plaintiff's trip to Boston with his son to look at colleges and his planning of a 100-person party for himself, as well as conclusions from state agency

psychological experts, Drs. Fierstein and Goldin, that Plaintiff was only moderately limited in interacting with others. (ECF No. 9, at 12–13.) Defendant argues that (1) Dr. Evers' contrary opinion, cited by Plaintiff, is not relevant as it is from January 2018, more than a year before the alleged onset date in this case, and has already been properly been considered in the Prior Claim, which has been denied in an ALJ decision affirmed by the Court; and (2) the VA disability rating of 70% is also not relevant, since it was from May 11, 2017, more than 1.5 years before the alleged onset date, and was also included in the litigation of the Prior Claim, where the Court had determined that the previous ALJ properly handled such rating. (*Id.*) Plaintiff does not directly address these points in his reply.

Plaintiff also argues that the ALJ did not sufficiently provide an explanation for her findings. (ECF No. 10, at 9–11.) Plaintiff argues that the ALJ's finding of his social interaction limitation was limited to only a single paragraph. (ECF No. 8, at 27.) Defendant argues that the law allows for the Court to look at the entire ALJ decision for meaningful review, and that when the ALJ's decision is "read as a whole," it is clearly shown that Plaintiff's mental impairments did not satisfy requirements for a Listing. (ECF No. 9, at 10–11.) Plaintiff concedes that an ALJ's decision can be "read as a whole," but argues that the rationale for the ALJ's finding requires the court to parse through the decision. (ECF No. 10, at 9.)

The ALJ must explain her reasoning, such that the determination is amenable to meaningful review, *Burnett v. Commissioner of Soc. Sec.*, 220 F.3d 112, 119 (3d. Cir. 2000), but does not need to "use particular language or adhere to a particular format in conducting [the] analysis," as long as "there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). An ALJ's decision may be read as a whole to determine if it is amenable to meaningful review. *See id.*

11

Here, the ALJ's decision includes sufficient development of the record in its findings. As Defendant points out, the ALJ discusses evidence such as Plaintiff's trip to Boston with his son and his planning of a 100-person party for himself, as well as state agency psychological experts Drs. Fierstein's and Goldin's conclusion that Plaintiff was only moderately limited in interacting with others. (ECF No. 9, at 12–13.)

The Court finds that the ALJ adequately considered the evidence in the record, which supported the ALJ's conclusions with respect to Plaintiff's mental impairments.

Further, the Court finds that Plaintiff fails to meet his two-stage burden of proof on appeal that the ALJ erred and the error prejudiced him. On appeal, Plaintiff bears the burden of proving that he was harmed by error in the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 410 (2009) ("[T]he claimant has the burden of showing that an error was harmful"). Here, Plaintiff fails to demonstrate that any error was material and prejudicial, where the medical findings are equal in severity to all the criteria for any Listing, *see Farmer v. Commissioner of Soc. Sec,* Civ. No. 19-13437, 2020 WL 6620152 at *3 (D.N.J. Nov. 12, 2020), and "that the outcome would have been different if the ALJ had been more thorough." *Soto v. Commissioner of Soc. Sec.*, Civ. No. 18-14165, 2020 WL 7022652, at *4 (D.N.J. Nov. 30, 2020).

Therefore, the Court finds that the ALJ's decision shows sufficient explanation to provide meaningful review of the step three determination and further finds that there is substantial evidence to support the ALJ's determination that Plaintiff's mental impairments do not meet the requirements of the Listings.

### C. Plaintiff's RFC Determination

Plaintiff argues that the ALJ's decision on the RFC is not supported by substantial evidence. (ECF No. 8 at 31–35.) First, Plaintiff reiterates the "severity" argument made above,

contending that medical evidence on the record, which he noted in his brief, shows that his impairments are of "an extreme nature and would, by themselves, result in an impairment that meets the requirements of the Listings." (*Id.* at 33.) Defendant argues that the ALJ considered the medical evidence in the record and "sharply reduced" Plaintiff's interaction requirements as a result, having noted that "occasional contact" was possible. (ECF No. 9, at 14–15.) Plaintiff argues that the ALJ's finding of limitation was not a meaningful restriction and takes issue with Defendant's "construction" of the limitation regarding social interaction as a "sharp reduction in work capacity," seeming to cite to *Department of Homeland Security v. Regents of the University of California*, 139 S.Ct. 2779 (2019), to support his position that agency decisions need to be read within its four corners. (ECF No. 11, at 11, 18.)

The Court does not find the "four corners" argument to be persuasive. Defendant had simply stated that "in the [RFC] finding, the ALJ sharply reduced the interaction requirements" when discussing the ALJ's analysis of the RFC determination. The Court does not see Defendant as trying to misconstrue any of the ALJ's findings, and the Court cannot remand on this basis. Further, the Court has already addressed the "severity" argument and found that there is substantial evidence to support the ALJ's determination that Plaintiff's mental impairments do not meet the requirements of the Listings.

Second, Plaintiff argues that the ALJ did not adequately consider Plaintiff's physical impairment of ulcerative colitis ("UC"), which causes frequent episodes of diarrhea, in formulating the RFC. (ECF No. 8, at 38.) Defendant argues that (1) the ALJ need only include a claimant's "credibly established limitations" in the RFC; (2) the ALJ explained that records showed that Plaintiff had medication that controlled the symptoms of UC; (3) Plaintiff denied symptoms related to UC when his gastroenterologist inquired; (4) Plaintiff did not mention active problems about

his UC when questioned in February 2020 during a physical examination; and (5) Plaintiff's treatment providers and state agency experts did not note any continued limitation associated with his UC. (ECF No. 9, at 15.) Plaintiff does not respond to these points. The Court agrees with Defendant. Claimants cannot be not entitled to a specific RFC and an ALJ need not include all alleged limitations by the claimant, only "credibly established limitations." *See Hess,* 931 F.3d at 209; *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Thus, the ALJ had adequately provided "credibly established limitations" in the RFC, and the Court cannot remand on this basis.

Third, Plaintiff challenges the ALJ's assessment of the medical opinions and prior administrative medical findings.[2] Plaintiff argues that the ALJ did not properly accord weight to the opinions of Dr. Allegra and Dr. Knox and cites to caselaw to support his position that the opinion of a treating physician should be accorded greater weight. (ECF No. 8, at 33–35.) Defendant argues that it is improper for the Court to re-weigh the evidence regarding medical reports on the record and that the new regulatory framework of 20 C.F.R. § 404.1520c(a) no longer gives greater weight to the opinion of a treating physician; rather, the most important factors in assessing the medical evidence are supportability and consistence, not the source of the opinion. (ECF No. 9, at 16.)

The framework of 20 C.F.R. § 404.1520c(a) applies to claims filed after March 27, 2017. Prior to this framework, *Morales* held that the ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). Under the new framework, an ALJ cannot "defer or give any specific evidentiary

---

[2] The record includes the medical opinions and administrative medical findings of Dr. Edward C. Allegra, a rheumatologist; Dr. Kalyani I. Gardilla, Plaintiff's primary care physician; Michael Knox, a physical therapist; Dr. Christopher Williamson, a state agency examiner who conducted a physical examination on Plaintiff; Dr. Rashel Potashnik, a state agency examiner who conducted a psychological examination on Plaintiff; Dr. Mohammed Abbassi, a state agency medical consultant that reviewed Plaintiff's files; and Dr. Jocelyn Fierstein, a state agency psychological consultant that reviewed Plaintiff's files.

weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). Rather, the ALJ considers the persuasiveness of a medical opinion, instead of assigning weight to medical opinions, and looks to the factors of supportability and consistency. *See id.* at (b)(2). The persuasiveness of medical opinions or prior administrative medical findings depend on (1) "supportability," where persuasiveness depends on the relevance of the objective medical evidence and supporting explanations presented by a medical source to support these medical opinions or prior administrative medical findings; and (2) "consistency," where persuasiveness depends on how consistent such medical opinions or prior administrative medical findings is with the evidence from other medical sources and nonmedical sources in the claim. *See id.* at (c)(1)–(2).

Here, the Instant Claim was filed on October 20, 2019, so the *Morales* standard does not apply to this case. The ALJ explained that the opinions of Dr. Allegra and Mr. Knox "did not provide adequate supporting rationale or evidence for the opinions expressed" and were "overly restrictive and inconsistent with the overall record." (R. at 24–25.)

Defendant argues that the ALJ had correctly considered the opinions of Dr. Allegra and Mr. Knox to be "not persuasive" under the consistency and supportability factors. Regarding Dr. Allegra, Defendant states that her opinion did not provide any objective medical evidence or supporting explanations, outside of checking for some "positive objective signs," and had consistently noted that Plaintiff's medication provided "relief." (ECF No. 9, at 17.) Regarding Dr. Knox, Defendant states that he did not provide any support for his findings or even an onset date on the form requested. (*Id.*) Further, Defendant cites the medical findings of Dr. Gardilla and Dr. Potashnik, which arguably demonstrates that Dr. Allegra's and Dr. Knox's opinions were inconsistent with the record and provided very restrictive limitations. (*Id.* at 17–18.)

15

In reply, Plaintiff concedes that 20 CFR § 404.1520c(a) changes how weight is accorded to medical opinions and argues that even though Dr. Allegra's opinion is not controlling, it must still be weighed first against any contrary evidence on the record.  (ECF No. 10, at 12.) Plaintiff also argues that even though the cases that he cited in support of the old framework are old, "they remain the binding precedents on how medical opinions . . . are to be considered." (*Id.*)  Plaintiff reiterates the VA disability rating and cites to cases to what seems, or the Court interprets, to support an argument about how the harmless error doctrine is overbroad.  (*Id.* at 13–16.)  Plaintiff also reiterates his argument that Dr. Allegra's opinion is the most important by comparing her qualifications and experiences with Plaintiff to those of other medical examiners and physicians who had provided evidence on the record, such as Dr. Potashnik, Dr. Abbassi, and Dr. Abdelmessiah, stating that it would be unreasonable to "put more faith in those old assessments by doctors who never saw Plaintiff and did not have access to all current records or assessments who [also lack] documented expertise in the conditions under review." (*Id.* at 12–15.)  He, however, ultimately states that "none of this proves that Dr. Allegra was right or that Dr. Abbassi or Dr. Abdelmessieh were wrong." (*Id.* at 15–16.)

Under 20 C.F.R. § 404.1520c(a), Plaintiff's argument that the ALJ must accord greater weight to Dr. Allegra or Mr. Knox is unpersuasive.  The Court likewise does not find the cases cited by Plaintiff and his arguments concerning the VA disability rating and the harmless error doctrine to be persuasive.[3]  Moreover, upon a careful review of the ALJ's decision, the Court finds

---

[3] Notably, with respect to Plaintiff's insistence that the disability rating from the VA should carry weight, the Court has already considered and rejected his position in its decision that affirmed the SSA's denial of his Prior Claim. *Hester v. Saul*, Civ. No. 19-13612, 2020 WL 4727302, at *4 (D.N.J. Aug. 14, 2020) ("The Code of Federal Regulations stipulates that decisions made by other governmental agencies and nongovernmental entities provide evidence that is 'inherently neither valuable nor persuasive to the issue of whether [claimant is] disabled or blind under the Act,' and therefore, ALJs 'will not provide any analysis about how [they] considered such evidence in [their] determination or decision.' 20 C.F.R. § 404.1520b(c)(1).  Here, the ALJ acted in accordance with the governing federal regulations when he did not consider or weigh the decision made by the Veteran's Administration.")

that the ALJ sufficiently considered the evidence in her formulation of the RFC. The Court cannot re-weigh the evidence under its review as Plaintiff requests. *Chandler*, 667 F.3d at 359. Therefore, the Court finds that the RFC is supported by substantial evidence.

### D. The ALJ's Step Five Finding

Plaintiff argues that the ALJ's conclusion that he could engage in alternate work at step five is not supported by substantial evidence. (ECF No. 8, at 36–38.) Plaintiff makes two arguments. First, he argues that "since the RFC is not accurate, any determination as to alternative work activity is invalid." (*Id.* at 36.) The Court sets this argument aside because it has already concluded above that the RFC is supported by substantial evidence.

Second, Plaintiff argues that the VE testimony cannot support a finding that there are alternative jobs in the national economy for an individual with his actual limitations because the ALJ failed to include all of Plaintiff's limitations in the hypothetical question to the VE. (*Id.* at 37.) Specifically, Plaintiff points to the ALJ's RFC determination that Plaintiff "could not interact with the public in tasks involving direct customer services and only interact with co-workers or supervisors, on an occasional basis." (*Id.*) He then proceeds to argue that because the VE "agreed that the ability to interact with both supervisors and co-workers was a basic attribute of all work," "it [would be] impossible to imagine that there is any real world job that could be performed" if this restriction were taken seriously. (*Id.*) In sum, Plaintiff appears to argue that this limitation would preclude all work.

Defendant argues that the hypothetical question asked by the ALJ was complete because the RFC is supported by substantial evidence and the VE had identified jobs that considered such a limitation. Defendant further argues that Plaintiff has not proffered any contrary evidence to the testimony or demonstrated that there was a lack of substantial evidence to support the limitation.

17

(ECF No. 9, at 19.)  Defendant also cites two cases in this district that have rejected Plaintiff's position.  *See Melissa B. v. Commissioner of Soc. Sec.*, Civ. No. 20-9029, 2021 WL 5578698, at *5 (D.N.J. Nov. 30, 2021); *Harris v. Commissioner of Soc. Sec.*, Civ. No. 17-3964, 2018 WL 5801546, at *3 (D.N.J. Nov. 5, 2018).[4]

*Melissa B.* and *Harris* are both instructive.  In each case, a plaintiff argued there was a lack of substantial evidence to support the ALJ's step five determination based on the VE's testimony.  In *Melissa B.*, the plaintiff argued that she could not maintain employment because the VE had indicated that an individual would not be able to maintain employment if the individual's mental impairments precluded her from interacting with her supervisor when the supervisor wanted to interact with her.  2021 WL 5578698, at *5.  The plaintiff argued that she had such mental impairments.  *Id.*  The Court rejected this argument because (1) the RFC was found to be supported by substantial evidence and (2) the ALJ did not conclude that the plaintiff would be unable to engage in contact with her supervisor at all—occasional contact was found to be possible.  *Id.*  Similarly, in *Harris* the plaintiff argued that she was not employable due to the VE's testimony that a person who occasionally cannot respond appropriately to a supervisor would not be employable.  2018 WL 5801546, at *2.  The Court rejected this argument because (1) the ALJ did not find that the plaintiff would sometimes be unable to appropriately interact with supervisors; and (2) the plaintiff fails to point to any medical evidence that would credibly establish the proposed limitation that she would be sometimes wholly unable to appropriately interact with supervisors.  *Id.* at *3.  The Court found that the plaintiff was attempting to "superimpose an additional limitation that the ALJ did not find into the hypothetical proposed to the VE, which is

---

[4] Counsel for Plaintiff also served as counsel for the plaintiffs in these cases.

unsupported by the record." *Id.* The Court affirmed the ALJ's decision without reaching into an RFC analysis. *Id.* at *1.

Here, the ALJ found that Plaintiff, similar to the claimants in *Melissa B. and Harris*, was able to have occasional contact with supervisors and co-workers by the ALJ. Plaintiff, in his reply brief, argues that the two cited cases are distinguishable because they do not involve a mental impairment in relating to others, and the facts in this case are different given that the ALJ determined he may only associate with others up to a third of the day and occasionally interact with a supervisor. (ECF No. 11, at 18.) The Court does not find this argument to be persuasive. The ALJ did not find that Plaintiff would be unable to interact with co-workers or supervisors at all but, rather, found Plaintiff was able to interact with them occasionally. Plaintiff fails to cite any evidence in the record that could establish that he is fully unable to interact with supervisors and co-workers. In making such an argument, Plaintiff, like the claimant in *Harris*, is attempting to insert an additional limitation not found by the ALJ into the hypothetical proposed to the VE. Further, the RFC has been found to be supported by substantial evidence. Therefore, the ALJ did not err in her proposed hypothetical to the VE, and the Court will not remand on this basis.

Accordingly, the Court finds that the Commissioner's decision is supported by substantial evidence.

### V. CONCLUSION

For the reasons stated above, the Court will AFFIRM the ALJ's decision. An accompanying Order shall issue.

Date: **December 29, 2022**

                                        <u>s/ Zahid N. Quraishi</u>
                                        **ZAHID N. QURAISHI**
                                        **UNITED STATES DISTRICT JUDGE**